IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| DARREYLL T. THOMAS, | |
|                 Plaintiff, | |
| v. | OPINION and ORDER |
| JOHN DOE, JANE DOE, and DANE COUNTY JAIL, | 23-cv-791-wmc |
|                 Defendants. | |

---

| | |
|---|---|
| DARREYLL T. THOMAS, | |
|                 Plaintiff, | |
| v. | OPINION and ORDER |
| DEPUTY RAATZ, DEPUTY CEITHAMMER, JANE DOE 1-3, and DANE COUNTY JAIL, | 23-cv-880-wmc |
|                 Defendants. | |

---

Representing himself, plaintiff Darreyll T. Thomas has filed two sets of complaints about the conditions of confinement at the Dane County Jail in Madison, Wisconsin. In his first complaint, he contends that various employees of the Dane County Jail violated and deprived him of his constitutional rights by failing to provide adequate mental health care, including necessary psychiatric medications and refusing to treat certain, other medical needs. (No. 23-cv-791, Dkt. #1.) Thomas subsequently filed a motion for leave to amend that complaint (No. 23-cv-791, dkt. #3), along with a proposed amended complaint (No. 23-cv-791, dkt. #3-1), which clarifies that the defendants are now providing him with therapeutic treatment to address his mental health needs and seeks to

drop the Dane County Jail as a named defendant. Thomas later filed another complaint involving the same underlying facts that once again names the Dane County Jail as a defendant, identifies two of the Dane County Jail employees who he contends failed to provide him with adequate mental health care, asserts that defendants' failure to intervene and train caused him to experience mental health injuries, and further alleges that defendants deprived him of his right to equal protection under the law. (No. 23-cv-880, Dkt. #1.) Because Thomas has filed two cases involving the same underlying set of facts, the court will dismiss the first case he filed (No. 23-cv-791) as moot and accept the complaint in the second case (No. 23-cv-880) as the operative pleading.

However, Thomas also requests leave to proceed without prepayment of the filing fee after having already "struck out" under 28 U.S.C. § 1915(g) by filing at least three previous civil actions while imprisoned that were dismissed as frivolous or for failure to state a claim. *Thomas v. Doe*, 20-cv-1080-bbc (W.D. Wis.) (dismissed May 5, 2021); *Thomas v. Reese*, No. 17-1742 (7th Cir.) (dismissed Sept. 1, 2017); *Thomas v. Larsen*, 16-cv-562-wcg (E.D. Wis.) (dismissed Aug. 9, 2016). Specifically, under § 1915(g), a prisoner is not allowed to proceed with another civil action in federal court without first paying the filing fee after three or more of his civil actions or appeals have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. The sole exception to this three-strikes rule is if plaintiff's pleadings show that he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Because defendants are currently providing Thomas with mental health care, and he alleges no other, specific need for immediate care to avoid serious illness, the court concludes that Thomas is barred from

proceeding without paying the filing fee. Still, for the following reasons, the court will give Thomas a chance to proceed on his claims by submitting the full filing fee for this lawsuit.

ALLEGATIONS OF FACT[1]

Publicly available court records indicate that Thomas arrived at the Dane County Jail on October 30, 2023.[2] Defendants Deputy Raatz and Deputy Ceithammer are deputies with the Dane County Sheriff's Office, while the "Jane Doe" defendants are nursing and mental health staff at the Dane County Jail.

Upon arriving at the jail, Thomas informed Deputy Raatz that he was suffering from severe mental illness and detoxing from heroin. Thomas also requested to speak with nursing staff, but his request was denied. When Thomas's withdrawal symptoms became "too much[,]" he began to bang on the cell door. (No. 23-cv-880, Dkt. #1, at 3.) Deputy Raatz then asked Thomas to place his hands behind his back, which Thomas did. However, Thomas fainted when he was outside of the cell. Thomas claims he was then "dragged backwards" by Deputies Raatz and Ceithammer to segregation Room 14 because his withdrawal symptoms were too severe to be in the general jail population. (*Id*. at 4.) Thomas spent roughly two days hallucinating in segregation before being moved to dormitory Room 4, where he allegedly continued to be denied any medical and mental

---

[1] Thomas alleges the following facts in his proposed amended complaint (No. 23-cv-791, dkt. #3-1) and second complaint (No. 23-cv-880, dkt. #1), which the court will accept as true for purposes of his motion to proceed without prepayment of the filing fee. (No. 23-cv-880, Dkt. #2).

[2] *See* https://danesheriff.com/Residents/detail/208704 (last accessed January 24, 2024). The court can take judicial notice of publicly available records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

health treatment, and was told that he would not receive any treatment until he was booked into the jail.[3]

Approximately two days later -- on or about November 3, 2023 -- Thomas informed the Jane Doe defendants that he was suffering from "command hallucinations." Moved back to segregation under Administrative Confinement conditions based on this information, Thomas alleges that he has received inadequate mental and medical health care and was deprived of his right to equal protection under the law. Thomas also alleges that his hallucinations were a result of the Jane Doe defendants' failure to intervene, failure to train, and deliberate indifference towards his mental health.

Despite allegedly having vomit and fecal matter on or in his pants and undergarments, Thomas did not receive any additional clothing from the facility until he was transferred to another Administrative Confinement unit. Thomas is still under Administrative Confinement status despite not having committed any violations of jail policy and believes that he is being discriminated against due to his mental health status. Thomas's mental illness is degenerative and debilitating, and he has no grievance pathways available. Thomas also alleges that he was only placed on Administrative Confinement and denied adequate treatment and discriminatory housing after he threatened to take legal action against defendants.

---

[3] Defendant also has no recollection of receiving detox or mental health treatment during his time in segregation, instead recalling excruciating pain, fecal matter in his undergarments, and vomit on his clothes.

Thomas has been approved to receive SSDIs for the following mental health conditions: autism, bipolar I disorder with psychotic features, and post-traumatic stress disorder. To obtain his psychotropic medication, Thomas informed defendants that he had participated in programs run by Journey Mental Health Center and provided his agent's name. Thomas's medication list was faxed by Journey Mental Health on November 2, 2023. Thomas was denied mental health treatment for two weeks. Specifically, defendants did not provide him with access to Seroquel, a prescription psychiatric medication, which Thomas alleges is readily available. When defendants finally did give Thomas his Seroquel, they initially provided him with a lower dosage than he required; however, he is now receiving the appropriate dosage.

OPINION

While Thomas seeks leave to proceed without prepayment of the filing fee in this case, he has "struck out" under 28 U.S.C. § 1915(g) as noted above. Specifically, on at least three prior occasions, Thomas brought actions that were dismissed because they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See Thomas v. Doe*, 20-cv-1080-bbc (W.D. Wis.) (dismissed May 5, 2021); *Thomas v. Reese*, No. 17-1742 (7th Cir.) (dismissed Sept. 1, 2017); *Thomas v. Larsen*, 16-cv-562-wcg (E.D. Wis.) (dismissed Aug. 9, 2016). Therefore, he cannot proceed without prepayment of the filing fee in this case unless the court concludes that his allegations show that he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). Unfortunately, none of Thomas's claims appear to currently meet this standard.

Thomas initially alleged he was being deprived of prescription drugs -- specifically, Seroquel -- for his substantial mental health needs, including bipolar disorder and P.T.S.D. Given the elevated risk of physical injury that Thomas could experience from untreated mental health conditions, including (but not limited to) self-harm, he may have been able to proceed without prepayment of the filing fee on a claim of inadequate medical care at that time. However, in his proposed amended complaint, Thomas acknowledges that for the last few weeks, defendants *have* been providing him with Seroquel, in his prescribed dosage. Accordingly, Thomas has not alleged or established that defendants' current treatment of his mental health conditions presents any imminent or actual physical injury.

Thomas also fails to meet the imminent-danger standard for his other claims. In particular, his allegation that defendants failed to properly address his mental health needs when he first arrived at the Dane County Jail does not, on its own, present a forward-looking danger to Thomas's physical safety. Nor does Thomas allege that the pain and hygiene issues he experienced several weeks ago, defendants' failure to intervene or train, or defendants' alleged equal protection violations pose an ongoing or imminent threat to his *physical* well-being. Thus, Thomas may not proceed without prepayment of the filing

fee on those claims, although he could still bring them as a paying litigant by prepaying the entire $405 filing fee. If Thomas pays this filing fee by the deadline below, the court will screen his complaint. If not, the court will dismiss it.

However, at this point, the court will dismiss the Dane County Jail as a defendant. The jail is a building, not a person, so it does not have the legal capacity to be sued under 42 U.S.C. § 1983. *See Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

## ORDER

IT IS ORDERED that:

1. Plaintiff Darreyll T. Thomas's request to proceed without prepayment of the filing fee (No. 23-cv-791, dkt. #2) and motion for leave to file an amended complaint (No. 23-cv-791, dkt. #3) are DENIED as moot.

2. Plaintiff Darreyll T. Thomas's first case (No. 23-cv-791) is DISMISSED without prejudice, and the clerk of court is directed to enter final judgment.

3. The Dane County Jail is DISMISSED from plaintiff Darreyll T. Thomas's second case (No. 23-cv-880).

4. Plaintiff's request to proceed without prepayment of the filing fee (No. 23-cv-880, dkt. #2) is DENIED under 28 U.S.C. § 1915(g).

5. Plaintiff may have until February 23, 2023, to pay the $405 filing fee for this case. Otherwise, this case will be dismissed without prejudice.

Dated this 24th day of January, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge